```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JACKSINA MARIBEL PEREZ          :     CIVIL ACTION
                                :
         v.                     :
                                :
ARDENT CREDIT UNION             :     NO. 21-4729
```

MEMORANDUM

Bartle, J.                                          January 11, 2022

Jacksina Maribel Perez, acting pro se, has sued defendant Ardent Credit Union under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., and the Truth in Lending Act ("TILA") 15 U.S.C. §§ 1601, et seq., in connection with the collection of and the disclosures concerning two debt obligations plaintiff owes defendant.  One involved an auto loan and the other a personal loan.  Defendant has now moved to dismiss the action under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

The complaint raises claims under two federal statutes.  Thus, this court has subject matter jurisdiction even if the legal theory is false unless the right claimed is "so insubstantial, implausible, foreclosed by prior decisions of this [Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy."  Growth Horizons, Inc. v.

Dela. Cty., Pa., 983 F.2d 1277, 1280-81 (3d Cir. 1993) (quoting Oneida Indian Nation v. Cty. of Oneida, 414 U.S. 661, 666 (1974)).  Defendant's argument that this court lacks subject matter jurisdiction under Rule 12(b)(1) lacks merit.

The court turns to defendant's motion under Rule 12(b)(6).  For present purposes, the court must accept as true all well-pleaded facts, including undisputedly authentic documents plaintiff attaches to her pleading.  Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); Miller v. Clinton Cty., 544 F.3d 542, 550 (3d Cir. 2008).

Defendant first argues that plaintiff's claim under the FDCPA should be dismissed because it is not a debt collector. The FDCPA was enacted:

> to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692e.  A debt collector "does not include — (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor."  15 U.S.C. § 1692a(6)(A).

> The FDCPA defines a creditor as:
>
> Any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692a(4).

The amended complaint and attached documents reveal that defendant made the auto and personal loans in question directly to plaintiff. Since plaintiff alleges that defendant itself seeks to collect the money it lent her, defendant is not a debt collector under the FDCPA. Consequently, plaintiff has not stated a viable claim, and the amended complaint to the extent that it alleges a violation of the FDCPA will be dismissed.

Plaintiff has also sued defendant under the TILA on the ground that defendant failed to make adequate disclosures as required by the Act when the loans were made. Defendant argues that this claim is barred by TILA's one year statute of limitations. See 15 U.S.C. § 1640(e).[1] As confirmed by the loan documents plaintiff attached to her amended complaint, plaintiff obtained the auto loan from defendant on September 15, 2018 and

---

1. The statute of limitations differs where the debtor is sued in an action to collect the debt and the debtor seeks recoupment or set-off. This is not the situation here.

the personal loan on May 15, 2019.  According to plaintiff, they contained inaccurate disclosures in violation of TILA.  The action was not filed until October 20, 2021.  Plaintiff filed this claim too late.  It will be dismissed.

Any amendment to the amended complaint would be futile.  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  No leave to amend will be granted.